## BANK OF SAN PIERRE v. ARNDT ET AL.

[No. 12,471. Filed October 15, 1926. Rehearing denied February 16, 1927.]

1. DEEDS.—*Deed and collateral agreement relating thereto should be construed together.*—A deed and a collateral agreement between the parties to the deed, stipulating the duties and obligations of the grantee, and declaring that the contract should not release any party thereto from his obligation on account of the deed, should be construed together. p. 599.

2. BILLS AND NOTES.—*Evidence that maker of notes sued on deeded incumbered farm to payee held insufficient to show that deed constituted payment of the notes, in view of a collateral agreement between the parties shown in evidence.*—Where the maker of the notes sued on executed a deed conveying a farm incumbered by two mortgages to the payee and, at the same time, entered into a written agreement with the grantee that he was to hold the title of the real estate, collect the rents and apply them to the payment of the taxes, insurance and interest, and, in the event the farm was sold, receive

the proceeds and apply them to the payment of the liens thereon in the order of their priority, then to the payment of the notes sued on, and further provided that the contract should not release any party thereto from any obligation referred to therein, the deed did not constitute payment of the notes.    p. 599.

From Starke Circuit Court; *William C. Pentecost,* Judge.

Action by the Bank of St. Pierre against Fred E. Arndt and others. From a judgment for defendants, the plaintiff appeals. *Reversed.* By the court in banc.

*James C. Fletcher* and *Harley A. Logan,* for appellant.

*Ralph N. Smith, Ben C. Rees* and *Russell W. Smith,* for appellees.

REMY, J.—Appellant instituted this action against appellees to recover amount due on the two promissory notes executed by appellee Fred E. Arndt as principal and appellees Louis C. Arndt and Amiel T. Schrader as sureties. In addition to answers of denial and suretyship, the defendants pleaded payment. Appellee Louis C. Arndt also filed a separate answer, the theory of which was that his signature as surety was procured by fraud.

Trial resulted in a verdict and judgment for all defendants.

The only question which will require consideration by this court is the sufficiency of the evidence to sustain the verdict.

On the trial, the execution of the notes was admitted; and from an examination of the record it is apparent that the judgment, which is in favor of all defendants, can be sustained, if at all, upon the theory that the notes had been paid. As is correctly stated in appellees' brief, "the record discloses that the verdict of the jury was based upon the answer of payment." It is

not contended that payment was in cash. The contention at the trial was, and now is, that a deed for certain real estate was accepted by appellant in payment of the notes.

The material facts established by competent evidence are, that long prior to the execution of the notes, appellee Fred E. Arndt had purchased from appellee Louis C. Arndt a certain farm, subject to a mortgage lien of $3,800, and in part payment gave to Louis C. Arndt a second mortgage on the farm for $5,800. The debt represented by the notes in suit was not paid when due, and in response to appellant's demand for security, Fred E. Arndt conveyed the farm, subject to the mortgage indebtedness thereon, to appellant. As a part of the transaction, the parties agreed in writing that appellant was to hold the title of the real estate, to collect the rents and apply them to the payment of the taxes, insurance and interest; and, in the event the farm was sold, receive the proceeds and apply same:   (1) To the payment of the liens in the order of their priority; (2) to the payment of the notes; and (3) remainder, if any, to Fred E. Arndt. The contract closed with the following special provision:   "But nothing in this contract shall be construed as releasing any person whomsoever from liability on account of any of the notes or other obligation herein referred to."

In considering the deed and contract as evidence, the two instruments must be construed together, and when so construed, their meaning, in so far as the question presented by this appeal is concerned, is not in doubt. It was a part of the agreement of the parties that nothing in the contract should be construed as releasing any person from liability on the notes. Further discussion is unnecessary.

The verdict is not sustained by the evidence.

Reversed.